# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TAYLOR DEMERATH PELEGRIN,

    *Plaintiff*,

v.

KEVIN P. O'CONNER, FRAN ELIZABETH O'CONNER, and HOMEAWAY.COM, INC.,

    *Defendants*.

_____/

Case No. _____

Removed from Circuit Court of the Sixth Judicial Circuit, Pinellas County

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to the Federal Removal Statute, 28 U.S.C. § 1441 and § 1446, and pursuant to 28 U.S.C. § 1332, Defendant HomeAway.com, Inc. ("HomeAway") hereby files the instant Notice of Removal of the case *Taylor Demerath Pelegrin v. Kevin P. O'Conner, Fran Elizabeth O'Conner, and HomeAway.com, Inc.*, Case No. 24-001878-CI (the "State Court Action"), which was filed in the Sixth Judicial Circuit in and for Pinellas County, Florida (the "State Court") by Plaintiff Taylor Demerath Pelegrin ("Plaintiff"), on April 26, 2024. In support of removal, HomeAway respectfully states as follows:

## PROCEDURAL BACKGROUND AND FACTS

1. Plaintiff, an individual and upon information and belief a citizen of Wisconsin, commenced this action by filing a Complaint against Defendants Kevin

P. O'Conner and Fran Elizabeth O'Conner (collectively, the "O'Conners"), who upon information and belief are citizens of Florida, and HomeAway, a Delaware corporation with its principal place of business in Texas, in the Sixth Judicial Circuit in and for Pinellas County, Florida, on April 26, 2024. The State Court Action, **attached hereto as Composite Exhibit A**, asserts a claim for negligence against the O'Conners and HomeAway.

2. Upon information and belief, as of the filing of this Notice of Removal, Defendants Kevin P. O'Conner and Fran Elizabeth O'Conner, have not yet been served with the State Court Action.

3. HomeAway was served with the State Court Action on May 15, 2024.

4. Specifically, Plaintiff's Complaint alleges that HomeAway, "owed Plaintiff a duty to properly maintain the aforementioned property in such a manner as to either prevent dangerous conditions or sufficiently warn invitees of such dangerous conditions." (Ex. A, ¶ 25). Plaintiff further alleges that HomeAway breached the foregoing duties resulting in the incident alleged in the Complaint which caused Plaintiff's bodily injuries. (Ex. A, ¶¶ 27-28)

5. No proceedings have been had in the State Court Action beyond the filing of the Complaint and serving discovery upon HomeAway and the O'Conners.

6. Pursuant to Federal Rule of Civil Procedure 26(d) a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d).

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

2

7. As such, any discovery served in the State Action must be stayed until a discovery conference is conducted pursuant to Rule 26 of Federal Rules of Civil Procedure.

8. HomeAway seeks to remove the State Court Action to this Court.

## JURISDICTION, VENUE AND REMOVAL PROCEDURE

9. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

10. 28 U.S.C. § 1332(a) provides that the United States district courts have original jurisdiction over all civil actions where "the matter in controversy exceeds $75,000, exclusive of interest and costs" and there is diversity of citizenship between the parties.

11. ***The Court has Subject Matter Jurisdiction.*** This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because: (i) this is a civil action pending within the jurisdiction and territory of the United States District Court for the Middle District of Florida, Tampa Division; (ii) the action is between citizens of different states; (iii) the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; and (iv) all procedural requirements for removal are met.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

3

12. ***This Court is the Proper Venue.*** The United States District Court for the Middle District of Florida, Tampa Division, is the federal district encompassing the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, where the State Court Action was originally filed. Venue is therefore proper in this judicial district under 28 U.S.C. § 1441(a).

13. ***There is Complete Diversity of Citizenship Here.*** According to the Complaint, Plaintiff is an individual residing in Wrightstown, Wisconsin. (Ex. A, ¶ 5). Prior to the filing of this Notice of Removal, HomeAway sought to confirm Plaintiff's Wisconsin citizenship through various public records searches. Specifically, upon information and belief, Plaintiff holds a driver's license issued in Wisconsin and has lived at a Wisconsin property for approximately the last four years. Accordingly, upon information and belief, Plaintiff is domiciled in, and thus a citizen of, Wisconsin.

14. HomeAway is a corporation incorporated in Delaware, with its principal place of business in Texas.

15. Prior to the filing of this Notice of Removal, HomeAway sought to confirm the O'Conners' Florida citizenship through various public records searches. Specifically, upon information and belief, the O'Conners have Florida drivers' licenses and are registered to vote in Florida. Accordingly, upon information and belief, the O'Conners are individuals domiciled in, and thus citizens of, Pinellas County, Florida.

16. In sum, Plaintiff is a citizen of Wisconsin, HomeAway is a citizen of Delaware and Texas, and the O'Conners are citizens of Florida for purposes of determining diversity. Accordingly, there is complete diversity of citizenship between and among the parties. *See* 28 U.S.C. § 1332(c)(1).

17. ***No Forum Defendant Has Yet Been Served and Joined.*** Pursuant to 28 U.S.C. § 1441(b), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought." (Emphasis added); *see also North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009) (denying motion to remand). Here, because the forum defendants, the O'Conners, have not yet been "properly joined and served," HomeAway's request for removal based on complete diversity is proper.

18. ***The Amount in Controversy Exceeds $75,000.00.*** While the Complaint alleges damages "that exceed Fifty Thousand ($50,000.00) Dollars," upon information and belief, Plaintiff made a pre-suit demand for well in excess of this Court's seventy-five thousand ($75,000.00) Dollar-jurisdictional threshold and has also incurred medical expenses of approximately Three Hundred Thousand ($300,000.00) Dollars. HomeAway thus has a good faith belief that Plaintiff will seek recovery in an amount well above the Seventy-Five Thousand ($75,000.00) Dollar amount in controversy required to meet this Court's subject

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

5

matter jurisdiction threshold. In such an instance, the Eleventh Circuit has previously held that a court will permit "the use of deduction, inference, or other extrapolation of the amount of controversy," when the amount in controversy is not apparent from the face of a pleading. *Pretka v. Kolter City Plaza II. Inc.*, 608 F.3d 744, 753 (11th Cir. 2010). Furthermore, a removing defendant need only show, by a preponderance of the evidence, that "the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). When applying this standard, district courts use their commonsense and experience to determine whether the action more likely than not satisfies the amount-in-controversy requirement. *Id.* at 1062.

19.   Here, the Complaint seeks all available past, present, and future economic and non-economic damages under Florida law for Plaintiff's asserted "serious and permanent injuries," allegedly suffered as a result of the incident alleged in the Complaint. (Ex. A, ¶¶ 16; 28). Further, as stated above, Plaintiff's pre-suit demand and medical bills exceed the $75,000.00 threshold. Therefore, although HomeAway denies Plaintiff's claims in their entirety, it is more likely than not that more than $75,000.00 is in controversy in this matter. Accordingly, HomeAway respectfully submits that the foregoing demonstrates, by a preponderance of the evidence, that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and this action therefore may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

6

20.  ***HomeAway Timely Filed this Notice of Removal.*** Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely as it has been filed with the Court within thirty (30) days after service of the Complaint on HomeAway.

a. The State Court Action was commenced on April 26, 2024.

b. HomeAway was served with the Complaint on May 15, 2024. A copy of the Summons and Complaint served on HomeAway are attached hereto as **Composite Exhibit A**.

21.  ***Notice to the State Court and All Adverse Parties.*** Pursuant to 28 U.S.C. § 1446(d), HomeAway this same day will transmit a copy of this Notice of Removal to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, and will send copies of this Notice of Removal to Plaintiff's counsel and unserved[1] Defendants Kevin P. O'Conner and Fran Elizabeth O'Conner by U.S. Mail.

22.  ***All Pleadings and Process served on HomeAway from the State Court Action Have Been Attached.*** Pursuant to 28 U.S.C. § 1446(a), a copy of the operative pleading from the State Court Action is attached hereto as part of **Composite Exhibit A**. Further, true and legible copies of all other papers on file with the state court and not previously referenced are attached to this Notice of Removal as follows:

---

[1] Because the O'Conners have not yet been served, HomeAway did not seek their consent for removal.

    a.  Discovery served on HomeAway and the O'Conners, as well as the Summons for attempted service on the O'Conners and civil cover sheet are attached hereto as **Composite Exhibit B**; and

    b.  The docket sheet in the State Court Action is attached hereto as **Exhibit C**.

  23. ***This Notice Complies with Fed. R. Civ. P. 11***.  This Notice of Removal is hereby signed pursuant to Fed. R. Civ. P. 11(a).  *See* 28 U.S.C. § 1446(a).

## CONCLUSION

  24. Accordingly, HomeAway has complied with all applicable terms of 28 U.S.C. § 1446, and hereby removes this action from the State Court to the District Court, and requests that further proceedings be conducted in the District Court as provided by law.

  25. By removing the State Court Action, HomeAway does not admit any of the allegations in Plaintiff's Complaint and does not waive any of its rights or defenses including, but not limited to, lack of personal jurisdiction, which is hereby expressly reserved.

  26. HomeAway has paid the required removal fee to the Clerk of the Court.

  27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with a Notice of Filing of Notice of Removal is being sent to all opposing

parties and filed with the Clerk of the Sixth Judicial Circuit, Pinellas County, Florida.

WHEREFORE, Defendant HomeAway respectfully gives notice that the State Court Action has been removed from the Sixth Judicial Circuit, Pinellas County, Florida to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and requests that this Court assume jurisdiction over this action, together with such other and further relief this Court deems just and proper.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**
2 S. Biscayne Blvd., Ste. 1500
Miami, Florida 33131
Telephone: (305) 347 5900
Facsimile: (305) 347 4089
    *and*
401 E. Jackson St., Ste. 2400
Tampa, Florida 33602
Telephone: (813) 222-8180

By: */s/ Jennifer Olmedo-Rodriguez*
Jennifer Olmedo-Rodriguez, FBN: 605158,
LEAD COUNSEL
Email: Jennifer.olmedo-rodriguez@bipc.com
Chance Lyman, FBN: 107526
Email: chance.lyman@bipc.com
Dane Stuhlsatz, FBN: 1010881
Email: dane.stuhlsatz@bipc.com

*Attorneys for Defendant, HomeAway.com, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 24, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system and have also served counsel for Plaintiff, Jonathon Douglas, Esq., at jdoug@brdwlaw.com, and mailed a copy via US Mail to the O'Conners at 4520 Grand Preserve PL, Palm Harbor, FL 34684.

By: */s/ Jennifer Olmedo-Rodriguez*
BUCHANAN INGERSOLL & ROONEY PC

4887-5079-1361, v. 2